Filed 10/6/21  P. v. Godinez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D078223 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD118353) |
| RAFAEL GODINEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Reversed and remanded with directions.

Benjamin Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Kristen Ramirez, Deputy Attorneys General, for Plaintiff and Respondent.

In 1996, a jury convicted Rafael Godinez of first degree murder (Pen. Code,[1] § 187, subd. (a)).  The jury also found Godinez was armed with a

---

[1]     All further statutory references are to the Penal Code.

firearm (§ 12022, subd. (a)(1)). Godinez was sentenced to an indeterminate term of 26 years to life in prison. Godinez appealed, and this court affirmed the judgment in a nonpublished opinion, *People v. Godinez,* D027646 (Sept. 22, 1998).

In 2020, Godinez filed a petition for resentencing under section 1170.95. The court appointed counsel and received briefing. The People responded that Godinez had stated a prima facie case and may be entitled to relief. The People argued the court should issue an order to show cause (OSC) and conduct an evidentiary hearing. The trial judge denied the petition without issuing an OSC or holding an evidentiary hearing. The court said, "And, again, I'm going to deny the petition because I think he was an active participant." The court did not specify the materials reviewed or the source of the conclusion that Godinez was an active participant.

Godinez appeals, contending the court erred in denying the petition without issuing an OSC and holding an evidentiary hearing as required by statute.

The Attorney General agrees with Godinez and argues we should reverse the order and remand for further proceedings.

We agree with the People's position in the trial court and the agreement of the parties to this appeal. We will find the trial court erred in the premature dismissal of the petition. We will reverse and remand.

STATEMENT OF FACTS

We will adopt the facts from our previous opinion as background for the discussion which follows. (*Godinez*, *supra*, D027646.)[2]

"On the evening of July 28, 1994, Erik [G.] attended a party at the home of Sean [C.] in Ocean Beach. A few minutes after Erik arrived at the party, Godinez asked Deanna [R.] if he could borrow her car in order to buy more beer. Godinez, Errol [S.], Joe [P.] and Erik got into [Deanna's] car and drove away. Godinez was driving the car. Prior to leaving the party, someone said that Erik had a lot of money and was going to buy the beer.

"On July 29, 1994, Karen [M.] was in a residence in Ocean Beach. Between 2 and 3 a.m., she heard one gunshot, then perhaps another shot approximately 15 to 30 seconds later. She then heard a car screech around the corner.

"On July 29, 1994, Jan [G.], who lived in Ocean Beach, heard three gunshots between 2:40 and 2:45 a.m. The first two shots were fired in fairly rapid succession, and the third shot was fired approximately 15 to 20 seconds later.

"Approximately 45 minutes after they left [Sean's] house, Godinez, [Joe], [Sean] and [Errol] returned in [Deanna]'s car. Erik was not with them. Godinez was driving the car. Godinez, [Errol], [Joe], and [Sean] were behaving in a paranoid manner. [Errol] and [Joe] ran from the parking space into [Sean]'s room. As [Sean] made his way toward the house, a car approached, and he warned the others that the cops were coming. [Sean] then approached his friend Dan [M.] and had a conversation with him.

---

[2] We do so in nearly verbatim fashion except to sometimes use first names in naming third parties involved in the subject offenses to protect privacy as much as possible.

3

[Errol] ran away from [Sean]'s house and then returned approximately one hour later. Either [Sean] or Godinez showed [Dan] approximately $200 in $20 bills that had what appeared to be blood on them.

"At approximately 6:10 a.m. on July 29, 1994, Ronald [A.], who lived in a residential area in Ocean Beach was backing his car out of his driveway when he noticed Erik lying in the alley. [Ronald] called the police, after which [Erik] was transported by paramedics to the hospital, where he later died. Neither police officers nor paramedics recovered any money from the crime scene. An autopsy revealed that [Erik] suffered three gunshot wounds from a .22-caliber firearm fired from a distance of four to five feet.

"On August 21, 1995, the police approached [Deanna], based upon a tip that she knew something about the murder of [Erik]. Godinez was arrested shortly thereafter."

## DISCUSSION

Senate Bill No. 1437 (Stats. 2018, ch. 1015) (Senate Bill 1437) was enacted to " 'amend[ ] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Gentile* (2020) 10 Cal.5th 830, 842.)

Section 1170.95, subdivision (c) provides: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the

4

prosecutor's response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

When a trial court reviews a petition for resentencing, the court first determines if the petitioner has shown a prima facie case for relief under the statute. If so, the court must issue an OSC and hold an evidentiary hearing on the petition. (*People v. Lewis* (2021) 11 Cal.5th 952, 962.) However, the court may deny the petition if the person is ineligible as a matter of law. (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980-981.) The court may review the record of conviction, including any prior appellate opinion, to determine if the petitioner's allegations are rebutted by the record. (*Lewis*, at p. 972.) However, the court may not engage in factfinding and weighing credibility at the prima facie stage of petition review. (*Drayton*, at p. 979.)

In this case, it is not possible to discern what the trial court relied on to reach the conclusion that Godinez was an active participant, which even if true, would not justify summary denial of the petition. Review of the record before us does not permit a finding of ineligibility as a matter of law. As Godinez contends, and the People have repeatedly urged, Godinez's eligibility for relief can only be assessed after the issuance of an OSC and conducting an evidentiary hearing. The trial court erred in summarily denying the petition for resentencing.

## DISPOSITION

The order denying Godinez's petition for resentencing is reversed.  The matter is remanded to the Superior Court with directions to issue an OSC and conduct an appropriate evidentiary hearing as required by statute.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

O'ROURKE, J.